UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YAZAKI NORTH AMERICA, INC.,

    Plaintiff,

Case No. 2:16-cv-12941

v.

HONORABLE STEPHEN J. MURPHY, III

MICHIYUKI UEDA, et al.,

    Defendants.

    _____/

**\*FILED UNDER SEAL\***

**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION
FOR TEMPORARY RESTRAINING ORDER** (document no. 2)

The present matter having come before the Court on Plaintiff's Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 2; the Court having heard oral argument on the motion on August 17, 2016; and the Court being otherwise fully advised in the premises: for the reasons stated on the record, the Court finds that good cause exists for the issuance of a Temporary Restraining Order pursuant to Civil Rule 65, that Plaintiff has demonstrated a likelihood that Defendants have engaged in the alleged conduct and, if not enjoined, Defendants may transfer their assets to Japan, or otherwise conceal, liquidate, or dissipate these assets and destroy evidence. The Court further finds that Plaintiff will be irreparably harmed if Defendants are not enjoined from doing so; and that no security is required of Plaintiff for the issuance of a temporary restraining order under Civil Rule 65(c). The Court further finds that good cause exists for the issuance of the instant Order pursuant to Civil Rule 65(b) without notice, and the Order is hereby

granted without notice to prevent the Defendants from dissipating assets before the Court has had an opportunity to enter a temporary restraining order.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Ex Parte Motion for Temporary Restraining Order (document no. 2) is **GRANTED**. The Court will not enter a Preliminary Injunction at this time.

**IT IS FURTHER ORDERED** that all Defendants[1] and their officers, directors, agents, servants, employees, subsidiaries, parents, affiliates, successors, assigns, and those persons in active concert or participation with them are hereby temporarily **RESTRAINED** and **ENJOINED** from directly or indirectly:

1. Selling, liquidating, assigning, transferring, converting, loaning, encumbering, pledging, dissipating, concealing, spending, withdrawing, or otherwise disposing of any money, funds, real or personal property, or other Assets[2] or any interest therein, wherever located, including any Assets outside the territorial United States, which are:

    a. In the actual or constructive possession of any Defendant; or

    b. Owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by, or belong to, any Defendant; or

---

[1] It is with an abundance of caution that the Court restrains Defendants T&K Design Factory, Inc. ("T&K") and Nakai Mold Engineering Co., Ltd. ("Nakai Mold"). As discussed with Plaintiff's counsel on the record during the August 17, 2016 motion hearing, there currently exists good cause and sufficient allegations against T&K and Nakai Mold to issue a restraining order, but the Court will revisit the issue when their responses are filed.

[2] "Assets" means any legal or equitable interest in, right to, or claim to, any real and personal property, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, shares of stock, lists of consumer names, inventory, checks, notes, accounts, credits, receivables, funds of monies, and all cash, wherever located, and shall include both existing assets and assets acquired after the date of entry of this Order, including, without limitation, the known real property and bank account funds referenced in the attached Exhibit 1.

   c. In the actual or constructive possession of, or owned or controlled by, or subject to access by, or belong to, any corporation, partnership, trust or other entity directly or indirectly under the control of any Defendant.

2. Opening or causing to be opened any safe deposit boxes titled in the name of any Defendant, or subject to access by any Defendant.

3. Notwithstanding the above, any individual Defendant may pay from his personal funds reasonable, usual, ordinary, and necessary living expenses not to exceed $5,000. Defendants may also conduct normal day-to-day business activities and payment of trade payables, not to exceed $5,000, with the exception of reasonable attorney fees incurred in defense of the instant action.

**IT IS FURTHER ORDERED** that the funds, property, and Assets affected by the instant Order shall include both existing assets and assets acquired after the effective date of the instant Order, including without limitation, those acquired by loan or gift.

**IT IS FURTHER ORDERED** that, pending determination of Plaintiff's request for a preliminary injunction, any bank, savings and loan, financial or brokerage institution, fund, escrow agent, trustee, mail receipt facility, or other person or entity served with a copy of the instant Order, or who otherwise has actual knowledge of the instant Order, that has possession, custody, or control of any account or Asset held on behalf of, or relating or belonging to, any Defendant, shall **HOLD** and **RETAIN** within such entity's or person's control, and **PROHIBIT** the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any funds, documents, property, or other assets held by or under such entity's or person's control in excess of a value of $5,000.

**IT IS FURTHER ORDERED** that Defendants, and their officers, directors, agents, servants, employees, subsidiaries, parents, affiliates, successors, assigns, and those

persons or entities in active concert or participation with them, are hereby **ENJOINED** from destroying, erasing, mutilating, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any document or record relating to the subject matter of the Verified Complaint (document no. 1) or Assets affected by the instant Order.

**IT IS FURTHER ORDERED** that copies of the Verified Complaint (document no. 1), the instant Order, and the Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction (document no. 2) must be **SERVED** by Plaintiff on (1) Defendants hereby enjoined, and (2) any known financial or brokerage institution, entity or person that holds, controls, or maintains custody of any account or Asset of any Defendant, on or before **August 19, 2016**. Service upon any branch or office of any entity shall effect service upon the entire entity.

**IT IS FURTHER ORDERED** that once the appropriate parties are served, Plaintiff shall file a motion to unseal the case.

**IT IS FURTHER ORDERED** that pursuant to Civil Rule 65(b), Defendants shall each **FILE** a Response to Plaintiff's Motion for Preliminary Injunction (document no. 2) by **August 26, 2016**, and Plaintiff may **FILE** a Reply by **August 29, 2016**.

**IT IS FURTHER ORDERED** that the parties shall **APPEAR** for a hearing on Plaintiff's Motion for Preliminary Injunction (document no. 2) on **August 30, 2016** at **3:00 p.m.** before United States District Judge Stephen J. Murphy, III, at the United States District Court, Theodore Levin U.S. Courthouse, 231 W. Lafayette Boulevard, Room 228, Detroit, Michigan. Before the hearing, the parties shall **CONFER** to narrow the issues, agree upon

relief requested and exchange witness lists and exhibits to be presented at the hearing, if any. A joint witness list must be submitted to the Court by **August 29, 2016**.

**IT IS FURTHER ORDERED** that unless otherwise extended by an order of the Court, the instant Order expires at **11:59 p.m.** on **August 31, 2016**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 17, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 17, 2016, by electronic and/or ordinary mail.

s/M. Beauchemin
Case Manager

## **Exhibit 1**

## Bank Accounts

| Individual/Entity | Financial Institution | Account Number (if known) |
|---|---|---|
| Michiyuki Ueda | Merril Lynch | |
| Michiyuki Ueda | Merril Lynch | |
| Michiyuki Ueda | Chase Bank | |
| Michiyuki Ueda | Shizuoka Bank | |
| Michiyuki Ueda | Yucho Bank Co. | |
| Michiyuki Ueda | Fifth Third Securities | |
| Michiyuki Ueda | Oppenheimer Funds | |
| Michiyuki Ueda | Chase Bank | |
| Excel Mold | Chase Bank | |
| 3's Company | Citibank | |
| Kaneko Consulting Company | JP Morgan | |
| Faust America Corporation | Comerica | |
| Spintex, Inc. | JP Morgan | |
| Spintex-Detroit, LLC | Comerica | |
| Spintex-Detroit, LLC | JP Morgan | |

## Real Property

| Individual/Entity | Real Property Address |
|---|---|
| Michiyuki Ueda | 25156 Toddy Lane<br>Farmington Hills, MI |
| Michiyuki Ueda | 533 Herald St.<br>Plymouth, MI |